# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY PHAM,<br><br>                  Petitioner,<br>  vs.<br>EDWARD S. ALAMEIDA, JR., et al.,<br><br>                  Respondents. | CASE NO. 03CV462 WQH (JMA)<br><br>ORDER |

HAYES, Judge:

Pending before the Court is Petitioner Duy Pham's renewed motion for relief from judgment pursuant to FED. R. CIV. P. 60(b) following remand from the Court of Appeal for the Ninth Circuit. (Doc. # 69).

**PROCEDURAL BACKGROUND**

On March 7, 2003, Petitioner Duy Pham, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). On June 19, 2003, Petitioner–with the help of another inmate–advised the Court that he wished to amend his Petition to include other exhausted issues. (Doc. # 11). On August 6, 2003, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Doc. # 21).

On August 20, 2003, Respondent moved to dismiss (Doc. # 24) Petitioner's Amended Petition for Writ of Habeas Corpus, and on February 2, 2004, the Court granted the motion because Petitioner failed to file the Petition within the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations period. (Doc. # 34). On December 22, 2004, and January 25, 2004,

Petitioner moved for relief from judgment pursuant to FED. R. CIV. P. 60(b)(6), arguing that his illiteracy, inability to speak English, and lack of a jailhouse lawyer precluded time-barring his Petition. (Docs. # 42, 49). On January 13, 2005, and February 8, 2005, the Court denied Petitioner's motions on the grounds that statutory tolling did not apply. (Docs. # 44. 51). The Court did not address equitable tolling. On February 1, 2005, Petitioner appealed. (Doc. # 47).

On November 21, 2006, the Court of Appeal for the Ninth Circuit vacated and remanded this Court's Order denying Petitioner's motion for relief from judgment. The Court of Appeal held:

> The district court denied Pham's motion without the benefit of *Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir. 2006) (holding that where a prisoner 'alleged that he lacks English language ability, was denied access to [native]-language legal materials, and could not procure the assistance of a translator,' those facts could constitute an extraordinary circumstance, that 'may entitle him to equitable tolling') . . . . Accordingly, we vacate the district court's order and remand for reconsideration of Pham's Rule 60(b)(6) motion in light of *Mendoza*.

On January 5, 2007, the Court appointed counsel for Petitioner. (Doc. # 65). Thereafter, both Respondent and Petitioner filed statements regarding further proceedings in district court, and each requested that the Court set a briefing schedule for reconsideration of Petitioner's motion for relief from judgment. (Docs. # 64, 66).

On June 18, 2007, Petitioner filed an opening brief in the form of a renewed motion for relief from judgment. (Doc. # 69). On July 24, 2007, Respondents filed a responsive brief opposing Petitioner's renewed motion for relief from judgment.

**DISCUSSION**

Petitioner contends that he is entitled to relief from judgment dismissing his Amended Habeas Petition because extraordinary circumstances warrant equitable tolling of the AEDPA's one-year statute of limitations. Specifically, Petitioner contends that he is entitled to equitable tolling of the statute of limitations because he is illiterate and did not have access to either Vietnamese-language legal materials or translation assistance of English legal materials in prison during the running of the statute of limitations. Petitioner contends that, at a minimum, he is entitled to an evidentiary hearing with respect to whether the facts of his case warrant equitable tolling.

Respondents contend that Petitioner has not alleged facts sufficient to establish that Petitioner is entitled to equitable tolling. Accordingly, Respondents contend that Petitioner's renewed motion

for relief from judgment should be denied without an evidentiary hearing. In the event that the Court concludes that Petitioner is entitled to an evidentiary hearing, Respondents contend that "the judicious use of time and resources for the parties and the court would be for the court to grant [Petitioner] relief on grounds of equitable tolling and set a briefing schedule for Respondent to file an Answer to the Amended Petition filed August 6, 2003." (Doc. # 72 at 1-2, 5-6).

"'[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In *Mendoza*, the Court of Appeal for the Ninth Circuit held that where a prison law-library lacks foreign-language legal materials and a non-English-speaking petitioner is unable to obtain translation assistance despite diligent efforts, the petitioner may be able establish extraordinary circumstances which would entitle him to equitable tolling. *Mendoza*, 449 F.3d at 1069. The Court of Appeal held that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id*. at 1070.

In Petitioner's two motions for relief from judgment (Docs. # 42, 50), Petitioner alleged that his inability to speak English, lack of a jailhouse lawyer, and inability to procure Vietnamese legal materials or translation assistance rendered him unable to file his Habeas Petitions within the one-year AEDPA statute of limitations. After reviewing the briefing on remand, as well as Petitioner's previous Habeas Petitions and motions for relief from judgment, the Court finds that Petitioner has alleged facts which entitle him to an evidentiary hearing with respect to equitable tolling. As in *Mendoza*, Petitioner has alleged that "he lacks English language ability," was denied access to Vietnamese-language legal materials, and "could not procure the assistance of a translator during the running of the AEDPA limitations period." *Mendoza*, 449 F.3d at 1071.

In light of the Court's finding that an evidentiary hearing is required, Respondents request that the Court forgo an evidentiary hearing and instead grant Petitioner's renewed motion for relief from

judgment and issue a briefing schedule requiring Respondents to answer Petitioner's Amended Habeas Petition on the merits. (Doc. # 72 at 1-2, 5-6). After reviewing the allegations in this case and the briefs following remand, Respondents' request to forgo the evidentiary hearing and proceed with adjudicating the merits of Petitioner's Habeas Petition is GRANTED.

## CONCLUSION

It is hereby ORDERED that:

(1) Petitioner's renewed motion for relief from judgment (Doc. # 69) is GRANTED.

(2) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. # 21) is deemed timely filed.

(3) Respondent shall answer Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. # 21) on or before November 30, 2007.

(4) Pursuant to the local rules, this matter is hereby referred to the Magistrate Judge Jan M. Adler for Report and Recommendation.

**IT IS SO ORDERED**.

DATED: October 31, 2007

**WILLIAM Q. HAYES**
United States District Judge