# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY PHAM,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br><br>EDWARD ALMEIDA, Jr., Warden<br><br>　　　　　　　　　　Respondent. | Civil No. 03-0462 WQH (JMA)<br><br>**REPORT AND RECOMMENDATION re**<br><br>**(1) FINDING PETITIONER'S SECOND CLAIM IS NOT PROCEDURALLY BARRED;**<br><br>**(2) FINDING CLAIM TWO IS EXHAUSTED and**<br><br>**(3) GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR DISCOVERY.** |

　　　　Petitioner Duy Pham (hereinafter "Petitioner or "Pham"), is a California prisoner proceeding pro se with a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 7, 2003, Petitioner filed his original federal habeas petition, and on August 6, 2003, he filed a First Amended Petition with this Court. [Doc. Nos. 1, 21.] On November 21, 2006, this Court issued an order dismissing the First Amended Petition as being time-barred. [Doc. No. 34.]

　　　　Pham filed a Rule 60(b) motion for relief from judgment on January 25, 2005 [doc. no. 49] and filed a notice of appeal on February 1, 2005. [Doc. No. 47.] The Court denied Pham's motion for relief from judgment on February 8, 2005. [Doc. No. 51.] The Ninth Circuit vacated this Court's order dismissing the amended petition on May 26, 2005, and returned the matter to the district court to

ascertain whether Pham was entitled to equitable tolling. [Doc. No. 55.]

On October 31, 2007, this Court deemed the First Amended Petition timely filed and ordered Respondent to file an Answer to the amended petition. [Doc. No. 73.] On December 14, 2007, Respondent filed an Answer. [Doc. No. 76.] Petitioner filed a Traverse on August 27, 2009. [Doc. No. 100.] On September 3, 2009, Respondent filed an Objection to Discovery Request. [Doc. No. 101.] On September 10, 2009, Petitioner filed a Response to Objections. [Doc. No. 102.]

**I.     Analysis**

In his First Amended Petition ("FAP"), Pham contends that (1) his Sixth and Fourteenth Amendment rights were violated because his trial attorney provided ineffective assistance, (2) the prosecutor committed prosecutorial misconduct when he failed to disclose that his key witness committed perjury in violation of the Fifth and Fourteenth Amendments, (3) his defense was unduly restricted by the trial court's limitation of impeachment evidence against the key prosecution witness in violation of the Sixth and Fourteenth Amendments, (4) the court improperly instructed the jury on aiding and abetting a conspiracy in relation to the conspiracy to commit murder charge in violation of the Sixth and Fourteenth Amendments, and (5) the prosecution relied on inadmissible hearsay statements which were not made during the course and scope of a conspiracy in violation of the Sixth and Fourteenth Amendments. (FAP at 7-9.) Because Petitioner's request for discovery relates to claim two, this Report and Recommendation addresses that claim.

In his Traverse, Petitioner requests the Court to allow the following discovery: (1) requests for the production of documents, including but not limited to, the district attorney's case file and the district attorney's investigator's file, and (2) requests for admission and responses to interrogatories directed to Deputy District Attorney Victor Nunez and Robert Marquez (investigator) to support claim two. (Traverse at 39, 43.)

//
//
//
//
//

### A.     Claim Two

In claim two of the First Amended Petition, Petitioner alleges "the prosecutor, Victor Nunez, committed prosecutorial misconduct when he failed in his constitutional duty to disclose to the court his chief witness committed perjury, in violation of the U.S. Constitution 5th, 14th Amendment" (FAP at 7.) Petitioner further contends the defense was unable to bring to light evidence "that would have discredited the testimony of key prosecution witness Chong Dong, including the witness associated to and with him" during cross-examination. (*Id*. at 8.) Petitioner argues Dong, who was in custody at the time, and his girlfriend, Lonnie, were allowed to have romantic interludes in the prosecutor's office in exchange for their testimony. (Traverse at 36.) According to Petitioner, Dong and Lonnie lied about the extent of the favors they were given when testifying against him, and prosecutor Victor Nunez was aware they committed perjury. (*Id*. at 39.)

Petitioner argues in the Traverse that he is entitled to discovery on the undisclosed benefits given to witnesses Dong and Lonnie for impeachment purposes because he was convicted solely on the basis of Dong's and Lonnie's testimony. (*Id*. at 38-39.) Petitioner asserts that "both witnesses claimed that their reason for testifying was to tell the truth and further insisted that they had not received favors from the government that would induce their testimony." (Ptr's Response to Objections at 2.)

Petitioner further contends that if the witnesses lied about receiving such benefits, prosecutor Victor Nunez knowingly introduced perjured testimony at trial. (*Id*. at 40.)  In support, Petitioner asserts Victor Nunez was the prosecutor in *People v. Bradshaw* (No. D029414 Cal. Ct. App.)[1], which occurred during the same time-frame as the events alleged in Pham's case, and where the key prosecution witness, who was in custody at the time, was allowed to have sexual liaisons with his wife and girlfriend in the district attorney's office in exchange for his testimony. (*Id*. at 42.) Petitioner argues that because there are striking similarities between the two cases, "there is good cause to believe similar undisclosed favors were given to the witnesses Dong and Lonnie in this case, e.g. allowing them to have sex in the district attorney's office," and there is sufficient evidence indicating there was a pattern or practice of the district attorney's office in the mid 1990's which likely impacted this case and

---

[1] Although the Court does not have documentation confirming the Court of Appeal number in *People v. Bradshaw*, the parties agree that the case was assigned Case Number D029414 by the Court of Appeal. (Compare Objection to Discovery at 4 with Traverse at 41.)

warrants discovery. (*Id*. at 43.)

In the Answer, Respondent contends claim two as set forth in the First Amended Petition is procedurally defaulted because the California Supreme Court did not reach the merits of the claim in the amended state habeas petition, but instead denied the claim, along with Petitioner's other claims, with citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949), *In re Duvall,* 9 Cal.4th 464, 474 (1995), *In re Waltreus*, 62 Cal. 2d 218 (1965) and *In re Dixon*, 41 Cal. 2d 756 (1953). (Answer at 3-4.) Respondent further argues claim two, as set forth in the Traverse, is a new *Brady* claim which cannot be raised in the Traverse for the first time. (Objection to Discovery at 2.) Respondent contends Petitioner's claim that Dong and Lonnie received undisclosed favors and lied about it on the stand, and that Nunez knowingly introduced the perjured testimony, does not relate to any pending claim. According to Respondent, the only pending claim on which Petitioner could possibly be requesting further discovery is claim two, which asserts that the prosecutor presented false and misleading testimony because "he knew Dong lied about whether he shot someone in the past" and "this is factually and legally distinct from new allegations in the traverse that the prosecutor violated *Brady* and let Dong and his former girlfriend have sex inside the prosecutor's office." (*Id*. at 3.) Therefore, Respondent asserts the new claim is unexhausted because Petitioner did not present the same factual basis and legal theory in state court. (*Id*. at 3, fn 3.)

Petitioner counters that he is not asserting a new claim for the first time in the Traverse, but instead is seeking to develop facts related to claim two, which was previously raised before the California Supreme Court in his habeas corpus petition. Petitioner states he is not seeking discovery to support a *Brady* claim, but that the requested discovery could lead to a *Brady* claim because a prosecutor who elicits false testimony regarding favors for testifying is also violating *Brady* by concealing the favors. (Petr's Response to Objections at 3.)

//
//
//
//
//

### B. Procedural Default and Exhaustion

As a threshold matter, the Court must determine whether claim two as pled in the First Amended Petition is properly before the Court.

*1. Procedural Default*

In the Answer, Respondent contends claim two is procedurally defaulted because the California Supreme Court did not reach the merits of this claim, but instead denied it relying on *Swain*, *Duvall*, *Waltreus*, and *Dixon*. (Answer at 4.) Petitioner counters that the California Supreme Court's postcard denial "is internally inconsistent, contains no 'plain statement' of the reason for the denial and does not specify which procedural bar applies to which claim." (Traverse at 28.) Petitioner argues that because the state procedural bars cited by the California Supreme Court are neither clear, certain nor unambiguous, the state court's ruling should not be considered a bar to claim two. (*Id.*)

Petitioner raised this claim, along with a claim asserting ineffective assistance of counsel, in a petition for writ of habeas corpus in the California Supreme Court filed on September 10, 2001. (Lodgment No. 4.) Pham later amended the petition to include claims asserting the trial court improperly instructed the jury on aiding and abetting a conspiracy and improperly allowed inadmissible hearsay evidence. (Lodgment No. 5.) The Supreme Court denied the petition, stating in full: "Petition for writ of habeas corpus is DENIED. (*See In re Swain* (1949) 34 Cal.2d 300, 304; *In re Duvall* (1995) 9 Cal.4th 464, 474; *In re Waltreus* (1965) 62 Cal.2d 218; *In re Dixon* (1953) 41 Cal.2d 756.)" (Lodgment No. 6.)

"The procedural default doctrine 'bar[s] federal habeas when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Bean*, 96 F.3d at 1129 (quoting *Coleman*, 501 U.S. at 729); *See also Hill v. Roe*, 298 F.3d 796, 798 (9th Cir.

2002); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000); *Fields v. Calderon*, 125 F.3d 757, 761 (9th Cir. 1997) (same).

A state procedural rule is "independent" if it is not interwoven with federal law. *Kernan*, 244 F.3d at 704. A state rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. *Bean*, 96 F.3d at 1129. The Ninth Circuit has held that because procedural default is an affirmative defense, Respondent must first have "adequately pled the existence of an independent and adequate state procedural ground . . . ." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Once the state has satisfied its burden of raising the defense, the burden to place the defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. *Id.*, at 586. The "ultimate burden" of proving procedural default, however, belongs to the state. *Id.* If the state meets its burden under *Bennett*, federal review of the claim is foreclosed unless a petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Here, the California Supreme Court invoked the rules of *Swain*, *Duvall*, *Waltreus* and *Dixon* in its denial of Petitioner's four claims in his state habeas petition without specifying which rule applied to which of Pham's claims. Under the heading "*Dixon and Waltreus*," Respondent argues claim two is procedurally barred from review because a habeas petition cannot substitute for claims that should have been raised on direct appeal. (Answer at 6.) In *Waltreus*, the California Supreme Court stated that "habeas corpus ordinarily cannot serve as a second appeal." 62 Cal. 2d at 225 (citing *In re Winchester*, 53 Cal. 2d 528, 532 (1960). Since that decision, a *Waltreus* citation has become shorthand for the rule that "'any issue that was actually raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus.'" *Forrest v. Vasquez*, 75 F.3d 562, 563 (9th Cir. 1996) (quoting *In re Harris*, 5 Cal. 4th 813, 829 (1993)). However, the Ninth Circuit has found the *Waltreus* rule is *not* sufficient to bar federal relief. *See Hill*, 298 F.3d 796 (stating "[t]he California Supreme Court's reliance on *In re Waltreus* does not . . . bar federal court review."); *LaCrosse*, 244 F.3d at 705, n.11 (stating that an "[i]nvocation of the *Waltreus* rule by a state court . . . does not bar federal review."); *Bean*, 96 F.3d at

1131; *Forrest*, 75 F.3d at 564 (citing *Ylst*, 501 U.S. at 805) ("a *Waltreus* denial on state habeas has no bearing on [a habeas petitioner's] ability to raise a claim in federal court.").

The California Supreme Court's opinion denying Pham's petition is ambiguous, and the Ninth Circuit has held that "a procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review." *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996) (citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317-18 (9th Cir. 1994)). Because the California Supreme Court denied Pham's petition with citations to *Waltreus*, *Duvall*, *Swain*, and *Dixon*, it is unclear which of Petitioner's four claims were denied because of *Waltreus* and which were denied because of *Duvall, Swain,* or *Dixon*. When presented with this kind of ambiguous opinion from a state court, the Ninth Circuit has repeatedly held that the petitioner's claims are not procedurally barred. *See Valerio v. Crawford*, 306 F.3d 742, 774-75 (9th Cir. 2002) (quoting *Coleman*, 501 U.S. at 735) (finding that by failing to specify which claims were barred for which reasons, the Nevada Supreme Court did not clearly and expressly rely on an independent and adequate state ground.); *Lambright v. Stewart*, 241 F.3d 1201, 1205-06 (9th Cir. 2001), *cert. denied Stewart v. Lambright,* 534 U.S. 1118 (2002) (stating that "[b]y invoking two contradictory arguments, the state court failed to make a clear finding of procedural default and federal review is not barred."); *Washington v. Cambra*, 208 F.3d 832, 834 (9th Cir. 2000) (reversing dismissal of habeas petition because California Supreme Court invoked two state procedural bars, finding that by adopting mixed arguments, the state court "did not clearly base its decision on independent and adequate state law grounds."); *Bean*, 96 F.3d at 1131 (stating an ambiguous order that does not specify which claims were rejected under which rule does not preclude federal collateral review). Thus, because the California Supreme Court did not specify which of Petitioner's claims were denied because of *Waltreus* and which were denied because of *Duvall, Swain* or *Dixon*, this Court is not precluded from a review of Petitioner's claim on the merits.

//
//
//
//

//

### 2. *Exhaustion*

Moreover, a liberal construction of the First Amended Petition demonstrates that Petitioner is attempting to develop further factual support for claim two, which was presented to the state court alleging that his 5th and 14th Amendment rights were violated when the prosecutor committed misconduct by introducing the perjured testimony of Dong and the witness "associated to and with him." (FAP at 8; Lodgment No. 5 at 9-11.) In his California Supreme Court habeas corpus petition filed September 10, 2001, amended October 25, 2001, Petitioner raised a claim that Victor Nunez knowingly used perjured testimony to secure a conviction against Petitioner in violation of *Brady*.[2] (Lodgment Nos. 4, 5.)

A petitioner can develop additional facts supporting a particular claim on federal habeas as long as the factual and legal basis of that claim was previously presented to the state court. *Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005). Factual allegations raised in federal court that were not raised in state court "do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)). The Ninth Circuit has held that facts adduced at a federal evidentiary hearing which do not "fundamentally alter" the petitioner's claim, do not render the claim unexhausted. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Miller v. Estelle*, 677 F.2d 1080, 1083 (5th Cir. 1982) (finding a claim properly exhausted though certain evidence was developed for the first time in the district court). Fundamentally, the constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. *See id.*; *Pitchess v. Davis*, 421 U.S. 482 (1975).

Petitioner presented the California Supreme Court with the legal basis of this claim, that his rights under the Fifth and Fourteenth Amendments were violated when the prosecutor knowingly

---

[2] The Court notes that in his Petition for Review presented to the California Supreme Court, Petitioner asserted that his right to present a full and fair defense under the Sixth and Fourteenth Amendments was violated during trial because the defense was "precluded from introducing evidence of the contacts between Dong and his girlfriend Lonnie" for impeachment purposes. (Lodgment No. 2 at 4-6.) Although Petitioner raised some of the same factual issues as raised in claim two of his First Amended Petition, the basis for the claim is legally distinct and therefore the claim was not exhausted on direct review.

introduced the perjured testimony of witness Dong and the witness "associated to and with him" in his writ of habeas corpus. (Lodgment No. 5.) Therefore, he is entitled to develop further facts supporting the claim, including any evidence that Dong and Lonnie received unsupervised romantic visits in the district attorney's office. Accordingly, Petitioner's claim has been exhausted.

**B.     Discovery Request**

Finally, Petitioner seeks an order allowing him to serve requests for production of (1) the district attorney's case file and the district attorney's investigator's file and (2) requests for admission and interrogatories directed to Victor Nunez and Robert Marquez (the investigator) to support claim two. (Traverse at 39, 43.)

Discovery under Rule 6(a) of the Rules Governing Section 2254 Cases is available only "for good cause." *Hayes v. Woodford*, 301 F.3d 1054, 1065 n.6 (9th Cir. 2002). A petitioner may satisfy Rule 6(a)'s "good cause" requirement by showing the requested discovery would support a claim that is not "purely speculative or without any basis in the record." *Calderon v. United States District Ct.*, 144 F.3d 618, 622 (9th Cir. 1998). Under *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), a judge may order discovery whenever the claim on which discovery is sought is not so "'palpably incredible' [or] 'patently frivolous or false'" as to warrant summary dismissal. Further, "a party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rules Governing § 2254 Cases, Rule 6(b), 28 U.S.C.A. foll. § 2254.

Respondent contends Petitioner's request for discovery should not be granted because it is not supported by "good cause" as contemplated under Rule 6(a) and *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997), as the allegations are not based in fact, but instead rest on speculation the visits occurred during the same time as *People v. Bradshaw* involving the same district attorney, Victor Nunez, and therefore the same misconduct must have occurred in this case. (Objection to Discovery at 3.) Respondent further argues Petitioner has not properly raised the request as a motion but instead included it in his Traverse. (*Id.*)

While Petitioner did not make a formal motion for discovery, Rule 6 does not specify that a formal motion must be made. The Court will therefore consider Petitioner's request.

//

Under Rule 6, a requesting party must specify any requested documents, and the court may limit the extent of discovery. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Here, Petitioner has requested the case files of Victor Nunez and Robert Marquez in full, rather than limiting his request to specific documents pertaining to the visits between Dong and Lonnie. On the record presently before it, the Court finds good cause to support Petitioner's request as to any materials pertaining to the visits between Dong and Lonnie in the district attorney's office, finding that the claim is not purely speculative based on the facts alleged by Petitioner. Petitioner claims that Dong and Lonnie received undisclosed favors from the prosecution in the form of unsupervised visits in the district attorney's office during the same time period that Victor Nunez was involved in the *Bradshaw* case in which a prosecution witness was taken out of custody and allowed to have sexual liasions with his girlfriend and wife in the district attorney's office. Petitioner has included specific factual allegations that, if true, conceivably impact the credibility of the two primary witnesses against him at trial. Petitioners' claim is therefore, not so "palpably incredible' [or] 'patently frivolous or false'" that it warrants summary dismissal. *See Blackledge*, 431 U.S. at 76.

Accordingly, the Court recommends that Petitioner be given leave to subpoena from the district attorney's office any materials contained in the files of Victor Nunez and Robert Marquez pertaining to the visits between Dong and Lonnie in that office. Petitioner must serve said subpoena within ten (10) days from the issuance of an order adopting this Report and Recommendation.

The Court therefore recommends that Petitioner's request for discovery be **GRANTED** with respect to materials from the files of Victor Nunez and Robert Marquez pertaining to visits between Dong and Lonnie in the district attorney's office, and be **DENIED** as to the production of the entire case files of Messrs. Nunez and Marquez.

The Court further recommends that Petitioner's request for leave to serve requests for admission and interrogatories directed to Messrs. Nunez and Marquez be **DENIED** without prejudice because Petitioner did not include proposed interrogatories or requests for admission as required under Rule 6(b) of the Rules Governing § 2254 Cases. *See* Rules Governing §2254 Cases, Rule 6(b), 28 28 U.S.C. foll. §2254 ("A party requesting discovery must provide reasons for the request. The request must also

include any proposed interrogatories and requests for admission, and must specify any requested documents.").

## II.  Conclusion and Recommendation

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) finding that claim two of the First Amended Petition is not procedurally barred, that claim two has been exhausted, and that Petitioner's request for discovery be granted in part and denied in part as set forth above.

**IT IS ORDERED** that no later than **April 19, 2010,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 3, 2010**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: March 17, 2010

Jan M. Adler
U.S. Magistrate Judge