UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUY PHAM,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br>EDWARD ALMEIDA, JR., Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 03cv462-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (1) Finding Petitioner's Second Claim Is Not Procedurally Barred; (2) Finding Claim Two Is Exhausted and (3) Granting in Part and Denying in Part Petitioner's Request for Discovery ("Report and Recommendation"), issued by Magistrate Judge Jan M. Adler. (Doc. # 107).

**I.　Background**

On May 10, 1996, Petitioner Duy Pham was convicted in San Diego County Superior Court of conspiracy to commit murder, attempted murder, and being a felon in possession of a firearm.

On October 25, 2001, Petitioner, then proceeding pro se, filed an amended petition for writ of habeas corpus in the California Supreme Court. (Lodgment # 5). Claim two of his state court habeas petition is captioned: "The prosecutor, Victor Nunez, committed prosecutorial misconduct when he failed in his Constitutional duty to disclose to the Court his chief witness committed perjury, in violation of the U.S. Constitution 5th, 14th Amendment."

(*Id*. at 6).  In claim two, Petitioner stated:

> In assessing this claim, Petitioner request[s] the court to take Judicial notice of the statement of the facts in claim one.
>
> During the attempted cross-examination of the prosecution's chief witness (Chong Dong), petitioner's defense was deprived of bringing to light evidence that would have discredited the testimony of Chong Dong, including the witness associate[d] to and with him....
>
> Chong Dong committed perjury throughout his testimony, but admitted it at the motion for new trial... although the jury had been discharged. ... [T]he prosecutor was aware of the perjury before the discharge of the jury. ... The prosecutor failed to disclose the unlawful act to the court, due to petitioner's conviction resting on the testimony of Chong Dong.

(*Id*. at 6-7).[1]

The California Supreme Court denied the petition.  (Lodgment # 6).

On March 7, 2003, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. # 1).

On August 6, 2003, Petitioner, proceeding pro se, filed the First Amended Petition for Writ of Habeas Corpus. (Doc. # 21).  The above-quoted language from Petitioner's state court habeas petition appears verbatim in his federal First Amended Petition.  (*Id*. at 7-8).

On December 14, 2007, Respondent filed an Answer to the First Amended Petition. (Doc. # 76).

On August 27, 2009, Petitioner, now represented by counsel, filed a Traverse.  (Doc. # 100).  Regarding claim two, Petitioner stated:

---

[1] In claim one, Petitioner stated:
> During the cross-examination of Chong Dong, Petitioner's attorney was denied from questioning the witness about his motive for falsely implicating petitioner in the crime..., indicating the possibility of Chong Dong being the actual perpetrator in the crime..., including leniency in the exchange for his testimony....  In an attempt to bring to light the criminal disposition of Chong Dong, Petitioner's attorney ... questioned Dong on whether he had even shot any[one]..., Dong denied ever shooting anyone.
> Subsequently, petitioner was convicted.  The conviction was due to the hear-say testimony of Chong Dong and others associated with him.  Once petitioner's jury was dismissed, petitioner's attorney ... filed a motion for new trial....  In questioning Chong Dong at the new trial motion..., it was discovered Chong Dong had committed perjury in the testimony at petitioner's trial....  Dong testified he had never shot anyone when he in fact shot David Bailey in the back. ...

(Lodgment # 5 at 6).

> At trial Dong testified repeatedly that 'the reason' he was testifying was that 'they,' i.e. Duy Pham and Khanh Pham, had threatened him and his family. ... Such evidence was false and misleading. This evidence was elicited by the prosecutor.
>
> During her testimony, Lonnie, Dong's girlfriend, admitted that the district attorney's office had arranged for personal visits between her and Dong, who was in custody at that time. ... However, when the district attorney asked, 'And there was always somebody present when you and Dong were there; correct?' she agreed, 'At all times.' ... Based on the information known to Petitioner, Petitioner believes this testimony was false or misleading. Petitioner believes that the district attorney's office allowed romantic interludes or lia[i]sons between Dong and Lonnie as an additional benefit and to provide further motivation for each of them to provide the critical testimony against Duy Pham at trial. This is the basis for the discovery request in section V, *infra*.

(*Id.* at 35-36). In section V of the Traverse, Petitioner stated:

> [T]he transcript reveals that Dong (who was in custody) was receiving special visits with his girlfriend (also a government witness) in the District Attorney's office. ... These facts are remarkably similar to the facts in the scandalous case of *People v. Darryl Bradshaw*..., which was prosecuted during the same time period–the mid-1990's.... As in the instant case, the *Bradshaw* prosecution rested on the testimony of a criminal turned state's witness–Darin Palmer. In the *Bradshaw* case, the defendants/appellants discovered (after conviction but while their case was on direct appeal) that the District Attorney's office had been lavishing many undisclosed favors on the star witness (Darin Palmer) including special visits with his fiancé and girlfriends in the District Attorney's office.... In addition to the factual similarities between the two cases, Victor Nunez, the Deputy District Attorney who prosecuted Duy Pham, was also involved in the *Bradshaw* case. ...
>
> Due to the fact that the instant case bears striking similarities to the *Bradshaw* case, there is good cause to believe similar undisclosed favors were given to the witnesses Dong and Lonnie in this case, e.g. allowing them to have sex in the district attorney's office. The similarities provide the 'good cause' necessary to trigger an order allowing discovery. Thus, similar to *Bracy v. Gramley*[, 520 U.S. 899 (1997)], the petitioner here has obtained sufficient evidence indicating that a pattern and practice of the D.A.'s office in the mid 1990's probably impacted this case and warrants discovery. ...

(*Id.* at 41-43).

On September 3, 2009, Respondent filed an objection to Petitioner's discovery request. (Doc. # 101). Respondent objected that any discovery request should have been made in a motion, rather than in the Traverse, and that the new allegations of prosecutorial misconduct in the Traverse are "factually and legally distinct" from the claims in the First Amended Petition. (Doc. # 101 at 3).

On September 9, 2009, Petitioner filed a response to Respondent's objection. (Doc. # 102).

1   On March 17, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc. # 107). The Magistrate Judge recommended that this Court find that claim two in the First Amended Petition is not procedurally defaulted. (*Id*. at 5-7). The Magistrate Judge recommended that the Court find that Petitioner "is entitled to develop further facts supporting the claim, including any evidence that Dong and Lonnie received unsupervised romantic visits in the district attorney's office. Accordingly, Petitioner's claim has been exhausted." (*Id*. at 9). The Magistrate Judge granted in part and denied in part Petitioner's discovery request. (*Id*. at 10).

On April 12, 2010, Respondent filed objections to the Report and Recommendation. (Doc. # 108). Respondent objected to the Magistrate Judge's finding that Petitioner's claim was exhausted: "Pham has presented new operative facts and new legal theories and evidence in his Traverse, which he never offered in the amended petition, nor to the California Supreme Court and thus materially alters the claim that had been exhausted. This renders the new claim unexhausted." (*Id*. at 6). Respondent also objected to the Magistrate Judge's finding of good cause to support Petitioner's discovery request. (*Id*. at 8).

On April 19, 2010, Petitioner filed an objection to the Report and Recommendation. (Doc. # 109). Petitioner stated: "While this pleading is captioned an 'objection,' Petitioner Pham is actually seeking leave to file proposed interrogatories and requests for admissions to perfect Petitioner's request for such discovery." (*Id*. at 2).

On May 3, 2010, Petitioner filed a response to Respondent's objections to the Report and Recommendation. (Doc. # 110).

**II.   Standard of Review**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III. Discussion

### A. Procedural Default

Respondent has not objected to the portion of the Report of Recommendation addressing whether claim two of the First Amended Petition is procedurally defaulted. After review of the Report and Recommendation, the record and the submissions of the parties, the Court concludes that the Magistrate Judge correctly found that claim two is not procedurally defaulted.

### B. Exhaustion

"The exhaustion doctrine, as codified by the Antiterrorism and Effective Death Penalty Act of 1996, provides that habeas relief must be denied if the petitioner has not 'exhausted the remedies available in the courts of the State.'" *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (quoting 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion requires that a petitioner 'fairly present[]' his federal claims to the highest state court available." *Id.* (quoting *Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir. 1999)); *see also Weaver*, 197 F.3d at 364 ("The exhaustion requirement is based on principles of comity.... It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (quotation omitted). "Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Davis*, 511 F.3d at 1009 (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Petitioner's statement of facts in the state court habeas petition and the federal First Amended Petition do not include any reference to prosecutorial misconduct related to undisclosed "romantic interludes" between Dong and Lonnie in the prosecutor's office. (Doc.

1  # 100 at 36). Petitioner concedes that "Mr. Pham's 'discovery' of this new potential evidence
2  was made during current counsel's review of the trial transcript in this case," after the federal
3  First Amended Petition was filed. (Doc. # 110 at 7). The California Supreme Court has not
4  had an opportunity to consider the federal constitutional implications of the new factual
5  allegations, which renders a claim based upon these new alleged facts unexhausted. *See Kelly*,
6  315 F.3d at 1069 ("[T]he California Supreme Court clearly did not have any opportunity to
7  consider the federal constitutional implications of alleged facts–including alleged physical
8  assault and ex parte interrogation by a state prosecutor–of which it was unaware. Thus,
9  Petitioner's second federal claim was unexhausted.").

10  Petitioner cites to the principle that a federal habeas petitioner may "rely on new
11  evidence [not presented to the state courts] as long as that evidence did not so alter the
12  underlying claims as to render them unexhausted." *Pinholster v. Ayers*, 590 F.3d 651, 667 (9th
13  Cir. 2009) (en banc) (citing *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)); *see* Doc. # 110 at
14  6. The standard in *Vasquez* provides that "new factual allegations do not render a claim
15  unexhausted unless they 'fundamentally alter the legal claim already considered by the state
16  courts.'" *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994) (quoting *Vasquez*, 474 U.S. at
17  260). The *Vasquez* standard applies when "[t]he factual basis for the claim remain[s] rooted
18  in the same incident." *Weaver*, 197 F.3d at 364-65 ("The facts adduced at the evidentiary
19  hearing did not 'fundamentally alter' Weaver's claim. The factual basis for the claim remained
20  rooted in the same incident: the bailiff's contact with the jury after it sent out its note. ...
21  Whether the bailiff's instruction was coercive because it required the jury to continue
22  deliberating, as originally believed, or because it required a verdict on all counts, as the district
23  court found, the underlying claim of improper jury coercion remains the same."); *see also*
24  *Vasquez*, 474 U.S. at 260-62 (underlying claim of systematic exclusion of African-Americans
25  from grand jury was not fundamentally altered by new affidavits and statistical evidence
26  "assess[ing] the mathematical probability that chance or accident could have accounted for the
27  exclusion of blacks from the Kings County grand jury"); *Chacon*, 36 F.3d at 1469 (where
28  defendant was misadvised regarding consequences of plea agreement, whether errors were

attributed to defense counsel or improper translation held irrelevant to exhaustion); *cf. Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (The *Vasquez* standard "does not mean, however, that a petitioner who presented any ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim.")

Even "reading [Petitioner]'s pro se state petition generously, as Circuit precedent demands," *Davis v. Silva*, 511 F.3d 1005, 1011 (9th Cir. 2008), the Court finds that the new factual allegations related to Dong and Lonnie's alleged romantic interludes in the prosecutor's office "fundamentally alter[s]" the claim considered by the California courts. *Vasquez*, 474 U.S. at 260. Accordingly, to the extent Petitioner contends that claim two encompasses a claim of prosecutorial misconduct related to Dong and Lonnie's alleged romantic interludes in the prosecutor's office, this claim is unexhausted.

**C.   Discovery**

Because Petitioner's proposed discovery relates to an unexhausted claim, Petitioner's request for discovery is denied.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation is adopted in part and not adopted in part. (Doc. # 107). Claim two of the First Amended Petition (Doc. # 21) is not procedurally defaulted. To the extent Petitioner contends that claim two encompasses a claim of prosecutorial misconduct related to Dong and Lonnie's alleged romantic interludes in the prosecutor's office, this claim is unexhausted. Petitioner's request for discovery is denied.

DATED: May 28, 2010

                                      **WILLIAM Q. HAYES**
                                      United States District Judge