**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUY PHAM, | Civil No.        03-462 WQH (JMA) |
| Petitioner, | **ORDER** |
| vs. | |
| EDWARD ALMEIDA, JR., Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File a Second Amended Petition and Application to Stay Proceedings Pending Exhaustion of State Court Remedies filed by Petitioner Duy Pham, a state prisoner proceeding with counsel.  [Doc. No. 115.]

**I.     BACKGROUND**

On March 7, 2003, Petitioner, then proceeding pro se, filed his original federal habeas petition in this Court pursuant to 28 U.S.C. § 2254.  [Doc. No. 1.]

On August 6, 2003, Petitioner, proceeding pro se, filed a First Amended Petition, alleging five claims.  [Doc. No. 21.]  Claim two of the First Amended Petition is captioned as follows: "The prosecutor, Victor Nunez, committed prosecutorial misconduct when he failed in his constitutional duty to disclose to the court his chief witness committed perjury, in violation of the U.S. Constitution 5th, 14th Amendment."  [First Amended Petition at 7, Doc. No. 21.]  The claim alleges:

> In assessing this claim, Petitioner request[s] the court take judicial notice of the statement of facts in claim one.

> During the attempted cross-examination of the prosecution's chief witness (Chong Dong), petitioner's defense was deprived of bringing to light evidence that would have discredited the testimony of Chong Dong, including

the witness associated to and with him.  Although the defense was deprived of bringing these facts to light for the jury's determination.  Subsequently, in the process of his testimony, Chong Dong perjured himself to secure a conviction for the prosecution.

Chong Dong committed perjury throughout his testimony, and admitted it at the motion for new trial although the jury had been discharged....  [T]he prosecutor was aware of the perjury before the discharge of the jury.  The prosecutor failed to disclose this unlawful act to the court, due to petitioner's conviction resting on the testimony of Chong Dong.

[Id. at 8 (citations omitted).]  In claim two, Petitioner "request[s] the court take judicial notice" of the following "statement of facts":

During the cross-examination of Chong Dong, Petitioner's attorney was denied from questioning the witness about his motive for falsely implicating petitioner in the crime, indicating the possibility of Chong Dong being the actual perpetrator in the crime, including leniency in the exchange for his testimony.  In an attempt to bring to light the criminal disposition of Chong Dong, Petitioner's attorney ... questioned Dong on whether he had eve[r] shot any[one], Dong denied ever shooting anyone.

Subsequently, petitioner was convicted.  The conviction was due to the hear-say testimony of Chong Dong and others associated with him.  Once petitioner's jury was dismissed, petitioner's attorney ... filed a motion for new trial.  In questioning [whether] Chong Dong had committed perjury in the testimony at petitioner's trial ... Dong testified he had never shot anyone when he in fact shot David Bailey in the back....

[Id. at 7 (citations omitted).]

On October 31, 2007, this Court issued an Order finding that the First Amended Petition was timely filed and ordering Respondent to file an Answer to the First Amended Petition. [Doc. No. 73.]

On December 14, 2007, Respondent filed an Answer.  [Doc. No. 76.]

On August 27, 2009, Petitioner, proceeding with counsel, filed a Traverse which contained a request for "discovery on the issue of undisclosed favors to both Dong and [his girlfriend and prosecution witness] Lonnie, including but not limited to favors bestowed during their face-to-face contact visits at the district attorney's office."  [Doc. No. 100 at 52.]

On March 17, 2010, the assigned Magistrate Judge issued a Report and Recommendation recommending that the Court find that claim two of the First Amended Petition is not procedurally barred, claim two has been exhausted, and Petitioner's request for discovery be granted in part.  [Doc. No. 107.]  Both parties filed Objections.  [Doc. Nos.

1  108,109.]

2      On May 28, 2010, the Court issued an Order adopting in part and rejecting in part the

3  Report and Recommendation.  [Doc. No. 111.]  The Court (1) adopted the finding that claim

4  two was not procedurally barred, (2) rejected the finding that allegations as to unsupervised

5  romantic visits between prosecution witnesses were related to claim two, (3) found claim two

6  to be unexhausted to the extent Petitioner claimed it encompasses a prosecutorial misconduct

7  claim pertaining to unsupervised romantic visits between prosecution witnesses, and (4) denied

8  Petitioner's request for discovery.

9      On August 27, 2010, Petitioner filed the Motion for Leave to File a Second Amended

10 Petition and Application to Stay Proceedings Pending Exhaustion of State Court Remedies.

11 [Doc. No. 115.]  On December 7, 2010, Respondent filed an opposition to Petitioner's motion.

12 [Doc. No. 121.]  On January 18, 2010, Petitioner filed a reply to Respondent's opposition.

13 [Doc. No. 124.]

14 **II.     DISCUSSION**

15      **A.      Motion for Leave to File a Second Amended Petition**

16      Petitioner requests leave to file a Second Amended Petition to add two new claims to

17 the pending First Amended Petition.

18      In the first new claim, proposed claim six, Petitioner alleges that he was denied his

19 federal constitutional right to due process under Brady v. Maryland, 373 U.S. 83 (1963), when

20 the prosecutor "withheld favorable, material evidence from him and his attorney that would

21 have substantially impeached the key witnesses in the case against petitioner."  [Proposed

22 Second Amended Petition at 8, Doc. No. 115-2.]  Petitioner alleges in proposed claim six:

23          Due to the fact that the instant case bears striking similarities to the Bradshaw case,[1]
            there is good cause to believe similar undisclosed favors, among other[s], were given
24          to witnesses Dong and Lonnie in this case, e.g. allowing them to have sex in the district
            attorney's office.  Yet, these favors were never disclosed to the defense.
25

26 [Id. at 9.]

27      In the second new claim, proposed claim seven, Petitioner alleges that he was denied

28 _____
       [1]  People v. Darryl Bradshaw, et.al., CAL. CT. OF APP. Case Nos. D029414 (state
    habeas), D021523/D021524 (direct appeal).

his federal constitutional right to due process and a fair trial under <u>Napue v. Illinois</u>, 360 U.S.

264 (1959), when the district attorney failed to correct false testimony by Dong and Lonnie

that they had not received any special favors as inducement for their testimony.  [Proposed

Second Amended Petition at 10, Doc. No. 115-2.] Petitioner alleges in proposed claim seven:

> Petitioner Pham believes that Dong received monetary compensation after his testimony, assistance with his immigration case to avoid deportation to Viet Nam, and multiple other favors during preparation for his testimony at trial such as special visits with his girlfriend which included private, romantic liaisons, special visits with food and other treats and possibly visits with other family members and girlfriends.  Mr. Pham believes Lonnie received special romantic and unsupervised, contact visits with her boyfriend Dong who was then and there in jail, and then she denied receiving such favors under oath.

[<u>Id.</u> at 10.]

> Respondent contends:

> The proposed new claims are outside the statute of limitations and untimely unless they relate back to Petitioner's original claims....

> Under <u>Mayle</u> [<u>v. Felix</u>, 545 U.S. 644 (2005)], Petitioner's new claims do not relate back to the original filing date of his federal Petition because they are not tied to a common core of operative facts.  However, Respondent acknowledges that the new claims arguably may be construed as relating back to the second claim contained in the First Amended Petition, wherein Petitioner alleged that the prosecution committed misconduct by failing to disclose that a key witness had committed perjury in this case.

[Doc. No. 121 at 3, 5-6.]

> Petitioner contends:

> Claims Six and Seven [of the proposed second amended petition] are based on the testimony of the state's star witnesses Dong and Lonnie.  Both the new claims and Claim Two [of the First Amended Petition] concern whether these witnesses lied under oath during the trial and whether those lies concealed undisclosed favors given to them by the District Attorney to induce testimony against Duy Pham.  As the state acknowledges, these claims all relate to the same 'core operative facts.'  The proposed Second Amended Petition is not barred by the relation back doctrine in Rule 15(c)(2).

[Doc. No. 124 at 3.]

Federal Rule of Civil Procedure 15 governs amendments to pleadings in habeas

proceedings.  <u>See</u> 28 U.S.C. § 2242; <u>see also</u> <u>Mayle</u>, 545 U.S. at 655.  Rule 15(a) states, "[t]he

court shall freely give leave [to amend] when justice so requires."  Fed. Rule Civ. P. 15(a)(2).

Rule 15(c) states: "An amendment of a pleading relates back to the date of the original

pleading when ... the amendment asserts a claim or defense that arose out of the conduct,

1    transaction, or occurrence set out–or attempted to be set out–in the original pleading."  Fed.

2    Rule Civ. P. 15(c)(1)(B).  In <u>Mayle</u>, the Supreme Court held that "claims added by amendment

3    [must] arise from the same core facts as the timely filed claims," and must not be "separate in

4    both time and type from the originally raised episodes." <u>Mayle</u>, 545 U.S. at 657 (quotation and

5    citation omitted).

6         In <u>Mayle</u>, the timely-filed petition contained a Confrontation Clause claim based on the

7    admission of a witness's videotaped out-of-court statement, while the proposed amended

8    petition added a Fifth Amendment claim arising from the admission of petitioner's pre-trial

9    statements to the police and an ineffective assistance of counsel claim for his counsel's failure

10   to challenge the use of petitioner's statements on appeal.  The Supreme Court held that relation

11   back was not appropriate because the timely-filed claims and the new claims were not "tied

12   to a common core of operative facts." <u>Id.</u> at 664.

13        By contrast, in <u>Valdovinos v. McGrath</u>, 598 F.3d 568 (9th Cir. 2010),[2] "[t]he original

14   petition alleged that [petitioner] was denied due process and a fair trial by the prosecution's

15   withholding of the prior photo lineups, evidence of the drugs and gun found in [witness]

16   Lopez's possession, and the favorable treatment Lopez received for his testimony," and "[t]he

17   amendments [sought] to add that the prosecutor violated <u>Brady</u> by not disclosing the

18   anonymous letter and the Mongia photograph." <u>Id.</u> at 575.  The Court of Appeals for the Ninth

19   Circuit held that relation back was appropriate pursuant to Rule 15(c).  The court stated:

20   "[B]oth the original and amended claims pertain to suppressed exculpatory evidence

21   originating from materials from the police investigation.  Each claim, therefore, is of the same

22   type–exculpatory information the government had in its file–that the government failed to

23   disclose at the required time." *Id.*

24        Claim two of the timely-filed First Amended Petition alleges that the prosecutor failed

25   to disclose that witness "Chong Dong committed perjury throughout his testimony," and

26   "petitioner's defense was deprived of bringing to light evidence that would have discredited

27   the testimony of Chong Dong, including the witness associated to and with him."  [First

28

---

[2]  Judgment vacated on other grounds by <u>Horel v. Valdovinos</u>, --- U.S. ---, 131 S.Ct.
1042 (2011).

03cv0462

Amended Petition at 8, Doc. No. 21.]  Claim two "request[s] the court take judicial notice" of the allegation that, inter alia, Dong received "leniency in the exchange for his testimony."  Id. at 7-8.  In the newly added claims, Petitioner alleges that Dong and his girlfriend Lonnie committed perjury by testifying that "they had not received any promises or special favors from the prosecution in exchange for their testimony against [Petitioner]," when they allegedly "received special romantic and unsupervised, contact visits" and "other favors."  [Proposed Second Amended Petition at 10, Doc. No. 115-2.]  Construing the allegations in the First Amended Petition liberally, see Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts "have a duty to construe pro se pleadings liberally"), the Court finds that the newly added claims "ar[i]se out of the conduct, transaction, or occurrence set out–or attempted to be set out–in" claim two of the First Amended Petition.  Fed. Rule Civ. P. 15(c)(1)(B).  Pursuant to Rule 15, the Motion for Leave to File Second Amended Petition is granted.

B.   Stay and Abeyance

Petitioner requests a stay and abeyance to return to state court to exhaust claims six and seven of the proposed Second Amended Petition because the inclusion of unexhausted claims six and seven results in a "mixed-petition," i.e., one containing both exhausted and unexhausted claims.  [Doc. No. 115-1 at 8.]  Petitioner "requests that this Court stay proceeding in this matter for ninety days."  Id. at 12.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court is permitted to stay a mixed petition in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations.  Id. at 277.  "Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."  Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting Rhines, 544 U.S. at 278); see also id. at 1023-24 ("'[G]ood cause' for failure to exhaust does not require 'extraordinary circumstances.'") (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)).

Respondent contends that the Court should deny Petitioner's motion because he has

03cv0462

1    failed to demonstrate "good cause" as required by <u>Rhines</u>. [Doc. No. 121 at 6.] Respondent

2    contends Petitioner discovered the factual predicate for the new claims in May 2008, and

3    despite this Court determining in August 2010 that claims arising from those facts were

4    unexhausted, Petitioner has yet to present the new claims to the California Supreme Court. [<u>Id.</u>

5    at 6, 8.]

6         Petitioner contends:

7         Jurisdiction over habeas petitions in California Courts lies, simultaneously, with
          all state courts, i.e. the trial court (Superior Court), the intermediate appellate
8         court (California Courts of Appeals), and the California Supreme Court. Mr.
          Pham can file his habeas petition with any one of these three courts. Rather than
9         file a pro forma habeas petition with the Supreme Court merely to 'exhaust' his
          remedies and obtain yet another postcard denial, Mr. Pham chose to file his
10        habeas petition locally, before those courts which were familiar with the case of
          <u>People v. Darryl Bradshaw, et. al.</u>, Court of Appeal No. D029414....
11
          Mr. Pham decided to first file his habeas petition in the Fourth Appellate
12        District. That was somewhat torturous since he had to re-file after they rejected
          the habeas petition, refused to appoint counsel and mailed it back. Then, after
13        counsel decided to simply file the habeas as Mr. Pham's pro bono lawyer, the
          Fourth Appellate District denied the habeas petition 'without prejudice to filing
14        in the superior court.' Thus, counsel then filed the habeas petition with the
          Superior Court for San Diego County. This process has only taken a matter of
15        a few months. The instant civil case has been pending since 2003. A few
          months seems a small amount of time to allow Mr. Pham to perfect his claims
16        when viewed against the overall length of time this case has been pending.

17   [Doc. No. 124 at 4-5 (citations omitted).]   Petitioner filed a declaration from a private

18   investigator who was hired by Petitioner's attorney in 2008 to investigate the allegations in the

19   new claims. [Doc. No. 115-3.] The investigator stated that he has interviewed Chong Dong,

20   but has been unable to locate Dong's former girlfriend despite speaking to "several witnesses"

21   and conducting "a number of different public records searches." <u>Id.</u> ¶ 8. Petitioner also filed

22   a declaration from Petitioner's attorney which outlines Petitioner's efforts exhaust the two new

23   claims in state court. [Doc. No. 115-4.]

24        After review of the submissions of the parties, the Court finds that Petitioner has made

25   an adequate showing that each of the three <u>Rhines</u> factors justifies granting Petitioner's request

26   for a limited stay and abeyance to allow Petitioner to exhaust claims six and seven of the

27   Second Amended Petition in state court. The motion for a ninety-day stay is granted.

28   //

     //

1

III.    <u>CONCLUSION</u>

2

IT IS HEREBY ORDERED that the Motion for Leave to File a Second Amended

3

Petition and Application to Stay Proceedings Pending Exhaustion of State Court Remedies is

4

GRANTED.  [Doc. No. 115.]  No later than ten (10) days from the date this Order is filed,

5

Petitioner shall file the proposed Second Amended Petition which is attached to the Motion.

6

[Doc. No. 115-2.]  This action is stayed for ninety (90) days from the date this Order is filed.

7

No later than seventy-five (75) days from the date this Order is filed, Petitioner shall file with

8

this Court a status report regarding Petitioner's efforts to exhaust claims six and seven of the

9

Second Amended Petition.

10

DATED:  March 25, 2011

11

**WILLIAM Q. HAYES**

12

United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28